UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Docket No.:
JOSE L. MARTINEZ, MARIA MUNGUIA, individually
and as parents and natural guardians of
REBECCA MUNGUIA, an infant under the age
of 14 years, XOCHILT MUNGUIA, an infant who
is 14 years of age, and CHRISTIAN MUNGUIA,

**07 CIV 7732**

**JUDGE BRIEANT**

                        Plaintiffs,

JURY TRIAL
DEMANDED

      - against -

ANTHONY J. PRIMIANO,   Defendant.
------------------------------------------------------------------X

        Plaintiffs, by and through their attorneys MAX D. LEIFER, P.C., allege for their complaint as to all times relevant hereto as follows:

### FIRST CAUSE OF ACTION

1. Plaintiffs are residents of the State of Pennsylvania.

2. Plaintiffs JOSE L. MARTINEZ and MARIA MUNGUIA are the parents and natural guardians of the Plaintiffs REBECCA MUNGUIA an infant under the age of 14 years, and XOCHILT MUNGUIA, an infant who is 14 years of age and CHRISTIAN MUNGUIA.

3. Upon information and belief, Defendant is a resident of the State of New York, County of Sullivan.

4. Jurisdiction is founded in this court pursuant to 28 USC 1332 on the grounds that there is complete diversity between the plaintiffs and defendant and the amount in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC 1332.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

5. Venue is founded in this court pursuant to 28 USC 1391 (a) in that the defendant resides in this district and a substantial part of the events or omissions giving rise to plaintiffs' claims arose in this district.

6. Upon information and belief, defendant was the owner and operator of a motor vehicle bearing license plate number CHJ3316 New York registration, a 2001 Ford ("FORD").

7. Upon information and belief, the northbound direction of Route I-87, also known as the New York Thruway, at mile 38.4 in the town of Tuxedo, County of Orange, State of New York, was a public thoroughfare.

8. On September 3, 2004 at approximately 6:45 PM plaintiff MARIA MUNGUIA ("MARIA") was the owner of a motor vehicle bearing Pennsylvania license plate number DPP6157, a 2001 Hyundai ("HYUNDAI").

9. At the aforesaid time, date and location, plaintiff JOSE L. MARTINEZ ("JOSE") was the operator of the HYUNDAI.

10. At the aforesaid time, date and location, MARIA and plaintiffs CHRISTIAN MUNGUIA, ("CHRISTIAN"), XOCHILT MUNGUIA ("XOCHILT"), and REBECCA MUNGUIA ("REBECCA") were passengers in the HYUNDAI.

11. At the aforesaid time, date and location, the front of the FORD came into contact with the rear of the HYUNDAI.

12. As a result, MARIA suffered serious and severe injuries.

13. That the foregoing accident and the resulting injuries to MARIA were caused wholly and solely by reason of the carelessness and negligence of the defendant in that he caused and permitted his motor vehicle to strike the plaintiffs' motor vehicle

in that he drove at an excessive and dangerous rate of speed; in that he failed to remain reasonably alert while operating a motor vehicle upon the public street so as to observe the roadway ahead; in that he failed to give and afford the right of way to the plaintiffs; in that he failed to give any signal or warning of his vehicle's approach in that he failed to make proper and timely use of adequate brakes and steering apparatus; in that he carelessly and negligently failed and omitted to maintain and repair his vehicle in proper order; in that he failed to have and exercise reasonable and proper control over his motor vehicle; in that he violated the applicable laws, rules of the road and traffic regulations and that he was further and otherwise careless and negligent in the operation of his vehicle.

14. That by reason of the foregoing, MARIA has sustained a serious injury as defined in subdivision (d) of Section 5102 of the Insurance Law, as well as economic loss greater than the basic economic loss as defined in subdivision (a) of Section 5102 of the Insurance Law and this action is being brought pursuant to the applicable No-Fault provisions of the Insurance Law of the State of New York.

15. That there was no fault on the part of MARIA contributing to the accident.

16. As a result, MARIA suffered damages in the sum of $500,000.00.

## SECOND CAUSE OF ACTION

17. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1-15 of this complaint with the same forth and effort as if herein set forth at length.

18. As a result, JOSE suffered serious and severe injuries.

19. That the foregoing accident and the resulting injuries to JOSE were caused wholly

and solely by reason of the carelessness and negligence of the defendant in that he caused and permitted his motor vehicle to strike the plaintiffs' motor vehicle; in that he drove at an excessive and dangerous rate of speed; in that he failed to remain reasonably alert while operating a motor vehicle upon the public street so as to observe the roadway ahead; in that he failed to give and afford the right of way to the plaintiffs; in that he failed to give any signal or warning of his vehicle's approach in that he failed to make proper and timely use of adequate brakes and steering apparatus; in that he carelessly and negligently failed and omitted to maintain and repair his vehicle in proper order; in that he failed to have and exercise reasonable and proper control over his motor vehicle; in that he violated the applicable laws, rules of the road and traffic regulations and that he was further and otherwise careless and negligent in the operation of his vehicle.

20. That by reason of the foregoing, JOSE has sustained a serious injury as defined in subdivision (d) of Section 5102 of the Insurance Law, as well as economic loss greater than the basic economic loss as defined in subdivision (a) of Section 5102 of the Insurance Law and this action is being brought pursuant to the applicable No-Fault provisions of the Insurance Law of the State of New York.

21. That there was no fault on the part of JOSE contributing to the accident.

22. As a result, JOSE suffered damages in the sum of $500,000.00.

### THIRD CAUSE OF ACTION

23. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1-15

of this complaint with the same forth and effort as if herein set forth at length.

24. As a result, CHRISTIAN suffered serious and severe injuries.

25. That the foregoing accident and the resulting injuries to CHRISTIAN were caused wholly and solely by reason of the carelessness and negligence of the defendant in that he caused and permitted his motor vehicle to strike the plaintiffs' motor vehicle in that he drove at an excessive and dangerous rate of speed; in that he failed to remain reasonably alert while operating a motor vehicle upon the public street so as to observe the roadway ahead; in that he failed to give and afford the right of way to the plaintiffs; in that he failed to give any signal or warning of his vehicle's approach in that he failed to make proper and timely use of adequate brakes and steering apparatus; in that he carelessly and negligently failed and omitted to maintain and repair his vehicle in proper order; in that he failed to have and exercise reasonable and proper control over his motor vehicle; in that he violated the applicable laws, rules of the road and traffic regulations and that he was further and otherwise careless and negligent in the operation of his vehicle.

26. That by reason of the foregoing, CHRISTIAN has sustained a serious injury as defined in subdivision (d) of Section 5102 of the Insurance Law, as well as economic loss greater than the basic economic loss as defined in subdivision (a) of Section 5102 of the Insurance Law and this action is being brought pursuant to the applicable No-Fault provisions of the Insurance Law of the State of New York.

27. That there was no fault on the part of CHRISTIAN contributing to the accident.

28. As a result, CHRISTIAN suffered damages in the sum of $500,000.00.

## FOURTH CAUSE OF ACTION

29. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1-15 of this complaint with the same forth and effort as if herein set forth at length.

30. As a result, REBECCA suffered serious and severe injuries.

31. That the foregoing accident and the resulting injuries to REBECCA were caused wholly and solely by reason of the carelessness and negligence of the defendant in that he caused and permitted his motor vehicle to strike the plaintiffs' motor vehicle in that he drove at an excessive and dangerous rate of speed; in that he failed to remain reasonably alert while operating a motor vehicle upon the public street so as to observe the roadway ahead; in that he failed to give and afford the right of way to the plaintiffs; in that he failed to give any signal or warning of his vehicle's approach in that he failed to make proper and timely use of adequate brakes and steering apparatus; in that he carelessly and negligently failed and omitted to maintain and repair his vehicle in proper order; in that he failed to have and exercise reasonable and proper control over his motor vehicle; in that he violated the applicable laws, rules of the road and traffic regulations and that he was further and otherwise careless and negligent in the operation of his vehicle.

32. That by reason of the foregoing, REBECCA has sustained a serious injury as defined in subdivision (d) of Section 5102 of the Insurance Law, as well as economic loss greater than the basic economic loss as defined in subdivision (a) of Section 5102 of the Insurance Law and this action is being brought pursuant to the

applicable No-Fault provisions of the Insurance Law of the State of New York.

33. That there was no fault on the part of REBECCA contributing to the accident.

34. As a result, REBECCA suffered damages in the sum of $500,000.00.

## FIFTH CAUSE OF ACTION

35. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1-15 of this complaint with the same forth and effort as if herein set forth at length.

36. As a result, XOCHILT suffered serious and severe injuries.

37. That the foregoing accident and the resulting injuries to XOCHILT were caused wholly and solely by reason of the carelessness and negligence of the defendant in that he caused and permitted his motor vehicle to strike the plaintiffs' motor vehicle in that he drove at an excessive and dangerous rate of speed; in that he failed to remain reasonably alert while operating a motor vehicle upon the public street so as to observe the roadway ahead; in that he failed to give and afford the right of way to the plaintiffs; in that he failed to give any signal or warning of his vehicle's approach in that he failed to make proper and timely use of adequate brakes and steering apparatus; in that he carelessly and negligently failed and omitted to maintain and repair his vehicle in proper order; in that he failed to have and exercise reasonable and proper control over his motor vehicle; in that he violated the applicable laws, rules of the road and traffic regulations and that he was further and otherwise careless and negligent in the operation of his vehicle.

38. That by reason of the foregoing, XOCHILT has sustained a serious injury as defined

in subdivision (d) of Section 5102 of the Insurance Law as well as economic loss greater than the basic economic loss as defined in subdivision (a) of Section 5102 of the Insurance Law, and this action is being brought pursuant to the applicable No-Fault provisions of the Insurance Law of the State of New York.

39. That there was no fault on the part of XOCHILT contributing to the accident.

40. As a result, XOCHILT suffered damages in the sum of $500,000.00.

## SIXTH CAUSE OF ACTION

41. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1-35 of this complaint with the same forth and effort as if herein set forth at length.

42. As a result of the occurrence, JOSE and MARIA suffered loss of services of REBECCA, XOCHILT and CHRISTIAN and have had to provide medical care for and attention to them.

43. As a result, JOSE and MARIA have suffered damages in the sum of $250,000.00.

WHEREFORE, it is requested that judgment be entered in favor of plaintiffs and against defendant as follows:

1. On the First Cause of Action, on behalf of MARIA MUNGUIA, in the sum of $500,000.00;

2. On the Second Cause of Action, on behalf of JOSE L. MARTINEZ, in the sum of $500,000.00;

3. On the Third Cause of Action, on behalf of CHRISTIAN MUNGUIA, in the sum of $500,000.00;

    4.      On the Fourth Cause of Action, on behalf of REBECCA MUNGUIA, in the sum of $500,000.00;

    5.      On the Fifth Cause of Action, on behalf of XOCHILT MUNGUIA, in the sum of $500,000.00;

    6.      On the Sixth Cause of Action, on behalf of MARIA MUNGUIA and JOSE L. MARTINEZ, in the sum of $250,000.00;

    7.      The costs and disbursements of this action.

Dated:    New York, New York
August 29, 2007

Yours, etc.,

MAX D. LEIFER, P.C.
Attorneys for Plaintiffs
628 Broadway, Suite 300
New York, New York 10012
(212)334-9699